UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                                     Case No. 3:25-CR-57-CCB-SJF

ADAM BRAY

## OPINION AND ORDER

Defendant Adam Bray, now proceeding *pro se*, was indicted in this Court on July 9, 2025, for unlawfully possessing a firearm on June 16, 2025, and June 18, 2025, after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). (ECF 5). A superseding indictment was entered on January 28, 2026, adding a second count for being a felon in possession of a firearm on March 3, 2025. (ECF 83). The June 2025 charges arose against Mr. Bray based in part on events on June 18, 2025, at a residence on Tremont Street in Michigan City, Indiana, where police found him crouching over C.S., a female resident of the house, and holding a gun over her head. They had entered the house after responding to a 911 call from C.S. and hearing yells from inside the house when they arrived, including yells for "911." The gun Mr. Bray was holding over C.S., and other guns, were recovered when police subsequently searched the house pursuant to a search warrant.

Now before the Court are two identical motions to suppress filed by Mr. Bray on February 2, 2026, and February 5, 2026. (ECF 94, 97). Mr. Bray contends that there is no evidence connecting him to the weapons such that continued prosecution is a violation

of due process and Ind. Code § 35-34-1-4(a)(5). (ECF 94, 97 at 2). He asks that all charges be "suppress [sic] and dismissed with prejudice under I.C. 35-34-1-4(a)(5), because the facts alleged do not constitute the offense charged." (*Id*.). Mr. Bray states that his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, as well as Ind. Code § 35-34-1-4(a)(5), were violated. (*Id*. at 1). He asserts that he was illegally detained. (*Id*.). He recites facts found in a state court probable cause affidavit regarding the incident on June 18, 2025, at the Tremont Street house with the probable cause affidavit attached to his motions as Exhibit B. (ECF 94-1 at 2–3). He alleges that the state court probable cause affidavit was used by this Court and is misleading. (*Id*.). Additionally, Bray alleges that the state court Charging Information, attached to his motions as Exhibit C (ECF 94-1 at 4–6), is misleading because "the title of the charges [do not match] the I.C. codes." (*Id*.).[1]

The Government filed its response to both motions in a single document on February 17, 2026. (ECF 99). Along with its response brief, the Government filed as exhibits the audio recording of the 911 call on June 18, 2025 (Exhibit 1); a police officer's body camera video footage (Exhibit 2); and the search warrant used to search the Tremont Street house with the affidavit for search warrant (Exhibit 3). (ECF 99-1, 100). The Government contends that Mr. Bray's motions should be denied because the substance of his filings refer to the Fourth, Fifth, Sixth, Eighth, and Fourteenth

---

[1] Mr. Bray's motions also use references bearing the hallmarks of "sovereign citizen" posturing such as "Sui Judge Adam Bray," "The Living Man Adam Bray," and "living flesh and blood man . . . not . . . known as "ADAM ROSS BRAY." (ECF 94, 97 at 1–2). He also attached a document entitled "Notice To All Governments Agents and Entity's [sic]" to one of his motions to suppress. (ECF 94-1 at 7). Mr. Bray is **ADVISED** that this Court rejects all sovereign citizen theories summarily and will not entertain them. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

Amendments but present irrelevant factual claims and raise arguments based on state law, none of which pertain to suppression of evidence in this federal case. Nevertheless, the Government argues that Mr. Bray's Fourth Amendment rights were not violated because the police's entry into the Tremont Street house was objectively reasonable and the evidence seized during the search was authorized by a search warrant.

Mr. Bray's motions to suppress became ripe on February 25, 2026, without any reply briefs being filed in the time authorized by the Local Rules. *See* N.D. Ind. L. Cr. R. 1-1(b); N.D. Ind. L.R. 7-1(d)(3)(B).

## FACTUAL FINDINGS

These facts emerge from all evidence of record. *See* Fed. R. Crim. P. 12(d). On June 18, 2025, Mr. Bray and C.S. were at the residence on Tremont Street when Mr. Bray became agitated, barricaded an exterior door, brandished a handgun, and confined C.S. to locations in the house. While doing so, Mr. Bray also fired the handgun multiple times. C.S. called 911 and maintained an open line with the dispatcher.

Police were dispatched to the house. When they arrived, police knocked on the front door with no answer. They walked to the side of the house and heard yelling from inside. They heard an individual inside the house yell "911, 911." Police returned to the front door of the house, announced "Police Department" and "Police." With no response, they forced open an exterior door. They heard yelling and again commanded "Police Department open up" before kicking in the interior door to enter the house.

In the house, police found C.S. on the floor in the living room with Mr. Bray crouched over her back and holding a handgun. He dropped the gun as police

approached. Visibly shaken, C.S. told officers that Mr. Bray kept shooting the gun. C.S. was treated and questioned; Mr. Bray was arrested; and the house was cleared.

Police obtained a search warrant for the house and searched it. The handgun Mr. Bray had been holding was recovered, along with several spent shell casings and some other firearms from other locations in the house.

**ANALYSIS**

State Court Documents and Charges

The state court probable cause affidavit (ECF 94-1 at 2–3) and the state court charging information (*Id.* at 4–6) documents attached to Mr. Bray's motions were filed in LaPorte Superior Court, Case Number 46D01-2506-F3-783. Mr. Bray has not demonstrated how those state court documents are relevant in this federal case. Without any such connection, this Court lacks jurisdiction to address his challenges to those documents or his state court charges. Additionally, Mr. Bray's reliance on Ind. Code § 35-34-1-4(a)(5), which provides grounds for dismissal of state court indictments, not federal charges, is not relevant to his federal case. Therefore, his motions to suppress fail as to those state court documents and charges.

Illegal Detention

Mr. Bray's motions to suppress also allege that he was illegally detained on June 18, 2025, and appear to seek suppression of evidence or dismissal of the superseding indictment accordingly. Indeed, the Fourth Amendment protects "the right of the people to be secure" from "unreasonable searches and seizures" by providing that "no

4

Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. But Mr. Bray merely states in a conclusory manner that he was illegally detained without developing any facts or argument to support that conclusion. With nothing more, the Court cannot discern the scope of his allegation or identify any facts to show his arrest, or detention, as the result of the events at the Tremont Street house on June 18, 2025, violated Mr. Bray's Fourth Amendment rights.

Warrantless Entry

"The Fourth Amendment prohibits warrantless and nonconsensual entry into a person's home" unless there are exigent circumstances that present an exception to the Fourth Amendment's warrant requirement. *United States v. Rivera*, 825 F.2d 152, 156 (7th Cir. 1987). The Government has the burden to show that a warrantless entry fits into the exigent circumstances exception. *Id.* Exigent circumstances arise when "there is a compelling need for official action and not time to secure a warrant." *Id.* (quoting *Michigan v. Tyler*, 436 U.S. 499, 509 (1978)). "[P]olice may enter a home without a warrant when they have an objectively reasonable basis for believing that an occupant is seriously injured or imminently threatened with such injury." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 400 (2006). "The objective reasonableness of an officer's conduct under *Brigham City*, as in other Fourth Amendment contexts, is evaluated by looking at the 'totality of the circumstances'." *Case v. Montana*, 146 S. Ct. 500, 508 (2026).

Here, police arrived at the Tremont Street house while an open 911 call with C.S. was still occurring. 911 calls typically provide the objective reasonableness of ongoing

harm to justify a warrantless entry, unless there are objective facts indicating that the 911 call is not reliable. *United States v. Richardson*, 208 F.3d 626, 629–31 (7th Cir. 2000). There was nothing to suggest to officers or the 911 dispatcher that the open call was in any way misstating the danger in the Tremont Street house that morning. The body camera footage of the incident confirmed ongoing harm in the house as it shows that someone can be heard yelling from inside the residence as the police arrived. While police walk around the side of the house, yells of "I give up" and "911, 911" can be heard from inside. When police knocked on the front door, a yell of "stop, I didn't do nothing" is also audible on the body cam footage. The totality of the circumstances thus show that the officers had an objectively reasonable basis to believe someone inside the house was seriously injured or was being immediately threatened with injury. Therefore, the warrantless entry at the Tremont Street house on June 18, 2025, was justified. *See Brigham City*, 547 U.S. at 400.

<u>Search and Seizure</u>

The Fourth Amendment also protects people from warrantless searches and seizures. When obtaining a warrant from a judicial officer, police must show probable cause. *United States v. Harris*, 464 F.3d 733, 737 (7th Cir. 2006). Probable cause means that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Police do not need to reach "certainty" or even a probability of "more likely than not" before they apply for a warrant; they must simply show the issuing judge that there is a "substantial chance"

that a search will uncover criminal activity. *United States v. Reichling*, 781 F.3d 883, 887 (7th Cir. 2015) (citation omitted).

The record here reflects that the police handled the immediate danger in the Tremont Street house then obtained a search warrant from a judge. Based on the officer's own observation of the gun at Mr. Bray's feet when the police entered the house, there was a "substantial chance" that they would uncover evidence of criminal activity if they searched the Tremont Street house. *See id.* As such, there was probable cause for the warrant issued to search the Tremont Street house. Without a warrantless search, there is no Fourth Amendment violation to justify suppressing any evidence obtained during the search, including the weapons recovered.

### CONCLUSION

For these reasons, Mr. Bray's motions to suppress (ECF 94 & 97) are **DENIED**. Mr. Bray's jury trial and final pre-trial conference dates will be set by separate order.

SO ORDERED on March 25, 2026.

> _/s/ Cristal C. Brisco_
> CRISTAL C. BRISCO, JUDGE
> UNITED STATES DISTRICT COURT